UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALBERTO GONZALEZ,                                          CASE NO.:

      Plaintiff,

v.

MUSEUM WALK APARTMENTS LLC
A Florida Limited Liability Company,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALBERTO GONZALEZ ("Mr. Gonzalez" or "Plaintiff"), brings this action for interference and retaliation pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA") and for disability discrimination pursuant the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), against Defendant, MUSEUM WALK APARTMENTS LLC ("MWA" or "Defendant"). Plaintiff is seeking back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### JURISDICTION AND CONDITIONS PRECEDENT

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

2. This court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same set of operative facts and circumstances as his FMLA claims.

3. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") on or about January 8, 2020.

4. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

5. Plaintiff timely files this lawsuit, and has complied with all administrative prerequisites.

6. All conditions precedent to this action have been satisfied and/or waived.

**PARTIES AND VENUE**

7. Defendant is a Florida limited liability company that is located and does business in Miami-Dade County, Florida, and is therefore within the jurisdiction of this Court.

8. Plaintiff worked for Defendant in Miami-Dade County, Florida, and therefore the proper venue for this case is the Miami Division of the Southern District of Florida.

9. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

10. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

11. Plaintiff is protected by the FCRA because:

    a. He is a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. He suffered an adverse employment action as a result of his disability or "perceived disability"

12. Defendant was at all material times, employed an excess of fifteen (15) employees and is thus considered an "employer" as envisioned by the FCRA.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendant, most recently as a Front Office Manager from February 15, 2017, until his unlawful and discriminatory termination on March 15, 2019.

14. During his tenure, Plaintiff was a reliable and productive employee with no significant history of disciplinary or attendance issues.

15. Around December 2017, while on his way to work, Plaintiff suffered an accident and sustained severe injuries to both his cervical and lumbar spine, resulting in a herniated disc.

16. Plaintiff's medical condition substantially impacted his major life activities, including, but not limited to, walking, standing, sitting, and working.

17. Plaintiff's medical condition required him to undergo spinal fusion lumbar surgery in order to manage same.

18. As such, Plaintiff's medical condition is considered both permanent disability under the FCRA, and a serious health condition under the FMLA.

19. As a result, Mr. Gonzalez applied, and was approved for, FMLA leave for his spinal fusion lumbar surgery in July 2018.

20. Upon his return to work, Mr. Gonzalez was forced to go on light duty and require additional accommodations, such a reduction in shifts, in order to help with the recovery process.

21. Throughout the following months, Mr. Gonzalez' back complications resurfaced and as a result, he required an additional spinal fusion cervical surgery in May 2019.

22. Mr. Gonzalez informed Defendant of his need for additional spinal fusion cervical surgery.

23. In order to avoided providing any further accommodations, on March 15, 2019, it abruptly terminated Mr. Gonzalez in violation of the law.

24. As a reason for his termination, Defendant took advantage of a common clerical error Mr. Gonzalez made, in good faith, and used it as a scapegoat for his termination.

25. Other non-disabled, non-FMLA approved employees made similar clerical mistakes and were not terminated.

26. As a result, the reason for Mr. Gonzalez' termination was a clear pretext to mask the discriminatory and retaliatory animus that motivated his termination.

27. Defendant's explanation for Mr. Gonzalez' termination is a clear pretext, designed to cover up FMLA interference and retaliation, and disability discrimination.

28. Defendant did not have a legitimate, non-retaliatory, non-discriminatory reason, for its actions.

29. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

30. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his request to take protected FMLA leave.

31. Additionally, Defendant terminated Plaintiff as a result of his disability, or his perceived disability.

32. Defendant was aware of Plaintiff's FCRA-protected disability and need for accommodation.

33. Despite the availability of reasonable accommodation under the FCRA, Defendant discriminated against Plaintiff based upon his disability.

34. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

35. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

36. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

37. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

38. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

39. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his disability and/or "perceived disability."

40. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

41. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

42. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 7-10, 13-30, and 40-42 above.

44. At all times relevant hereto, Plaintiff was protected by the FMLA.

45. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

46. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights during the certification stage.

47. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding his back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 7-10, 13-30, and 40-42, above.

50. At all times relevant hereto, Plaintiff was protected by the FMLA.

51. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

52. At all times relevant hereto, Defendant retaliated against Plaintiff by issuing terminating his employment for applying for FMLA leave and for attempting to utilize what should have been FMLA-protected leave.

53. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

54. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

55. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding his back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III:
## DISABILITY DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT

56. Plaintiff realleges and adopts the alleges and adopts the allegations contained in Paragraphs 1-6, 7, 8, 11-28, 31-42, above as if fully set forth in this Count.

57. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights and against disability discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

58. The discrimination to which Plaintiff was subjected was based on his disability or "perceived disability."

59. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorney's fees, and litigation expenses pursuant to 760.11(5), Fla. Stat.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests that this Court will issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA, require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay, grant Plaintiff a judgement against Defendant for damages, including compensatory, emotional, punitive, and other damages permissible by law, award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat., and provide any additional relief that this Court deems just**.**

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 25th day of November, 2020.

                                            Respectfully Submitted,

***/s/ Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*